**Helen Thompson & Robert Bullen v. The People, etc.**

1. RECOGNIZANCES—*Effect of Taking New Recognizance.*—If after a recognizance is taken before a justice of the peace an indictment is returned and the party appears before the court and enters into a recognizance to appear and answer the indictment, such action will operate to render the former recognizance in the same cause *functus officio* and a judgment of forfeiture thereof will be erroneous.

**Forfeiture of Recognizance.** Error to the Criminal Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1897. Reversed. Opinion filed January 27, 1898.

E. A. SHERBURNE, attorney for plaintiffs in error.

No appearance for appellee.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

The record in this cause shows that on the eleventh day of December, 1895, there was filed in the Criminal Court of Cook County a recognizance taken on the seventh of the same month by G. W. Underwood, justice of the peace, which recited that on that day Helen Thompson was examined before said justice on a charge preferred against her of "Vio Sec. 137 E, Ch. 38," and was required by said justice to give bonds for her appearance to answer said charge. The recognizance is thus conditioned. "Now, the condition of this recognizance is such that if the above bounden Helen Thompson shall personally be and appear before the Criminal Court of Cook County on the first day of the next term thereof to be held 'on the first Monday in January, 1895,' then and there to answer to said People on said charge, etc., then this recognizance to become void, etc.

[Signed]    "HELEN THOMPSON, (SEAL),
                "R. T. BULLEN, (SEAL)."

The record further shows that on the twenty-first of May, 1897, in said Criminal Court, said Helen Thompson was "called in open court to answer to an indictment for selling pools, etc.," came not but was defaulted, that thereupon said Robert Bullen was three times demanded that he bring the body of said Helen Thompson into court, but did not, and default was

duly entered.    Thereupon a *scire facias* was issued, which *scire facias* avers that "on the 7th day of December, 1896, Helen Thompson and Robert Bullen appeared before said justice and entered into the recognizance," as above; that at the May term, 1897, "said Helen Thompson was three times solemnly called to answer to the charge preferred against her in said recognizance as set fourth," came not, but was defaulted, and said Robert F. Bullen being three times solemnly demanded that he bring the body of said Helen Thompson into court, failed to do so, but made default, which was entered of record, and their recognizance declared forfeited. Therefore the sheriff is commanded to summons said Helen Thompson and Robert F. Bullen to appear and show cause why said forfeiture should not be absolute.

The *scire facias* is indorsed:    "The within named defendants not found in my county this 5th day of July, 1897.

"JAMES PEASE, Sheriff,

"By W. H. PEASE, Deputy."

The record further recites that on the eighth of July, 1897, it appearing to the court that said *scire facias* "has been duly returned by the sheriff of Cook County," the said forfeiture was "declared absolute," and judgment for $500 and costs rendered against said obligors.

From the supplemental record it appears that on the second day of January, 1896, and of the December term, 1895, of the Criminal Court of Cook County, an indictment was returned against said Thompson for selling pools, etc., that upon the fifteenth day of January, 1896, said Thompson appeared before the Criminal court and entered into recognizance there, with surety, for her appearance in said court to answer unto the People, etc., upon the indictment.    This operated

to render the former recognizance in the same cause *functus officio*.

The proceedings of the May term, 1897, of the court and the judgment of July 8, 1897, were therefore erroneous.

The judgment is reversed.